UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OVIS ELLERBEE and JAMES
ELLERBEE,

    Plaintiffs,

v.                                       Case No. 8:20-cv-1514-TPB-AEP

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANTS' MOTION TO EXCLUDE GENERAL-CAUSATION
TESTIMONY OF ROBERT BRIAN RAYBON, M.D."**

This matter is before the Court on "Defendants' Motion to Exclude General-Causation Testimony of Robert Brian Raybon, M.D. and Brief in Support," filed on March 15, 2021. (Doc. 107). Plaintiffs responded in opposition on April 5, 2021. (Doc. 112). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

This case is one of thousands of similar cases filed since 2010.[1] Plaintiffs Ovis Ellerbee and James Ellerbee sued directly in the Southern District of West

---

[1] In the seven MDLs, over 100,000 cases have been filed, approximately 40,000 of which are in the Ethicon MDL. *See* MDL 2187 (C.R. Bard) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2187; MDL 2325 (American Medical Systems) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2325; MDL 2326 (Boston Scientific) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2326; MDL 2327 (Johnson & Johnson, Ethicon) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2327;

Virginia as part of the multidistrict litigation (MDL) entitled *In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Lit.*, MDL No. 2327. The case was not resolved by the MDL transferee court ("MDL Court"), and on July 1, 2020, it was transferred to this Court.

On November 7, 2006, Ms. Ellerbee was implanted with Ethicon's TVT-O and Prolift devices at a hospital in Tampa, Florida. Both devices were designed and manufactured by Defendants Johnson & Johnson and Ethicon, Inc. In early 2017, Ms. Ellerbee's physician surgically removed what Plaintiffs claim to have been mesh located in the bladder mucosa. On February 23, 2017, Ms. Ellerbee underwent a revision/removal procedure and an anterior colporrhaphy. Ms. Ellerbee later had another mesh sling implanted.

On June 24, 2015, Plaintiffs sued directly in the MDL using a short-form complaint, alleging: Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Strict Liability – Design Defect (Count V), Common Law Fraud (Count VI), Fraudulent Concealment (Count VII), Constructive Fraud (Count VIII), Negligent Misrepresentation (Count IX), Negligent Infliction of Emotional Distress (Count X), Breach of Express Warranty (Count XI), Breach of Implied Warranty (Count XII), Violation of Consumer Protection Laws (Count XIII), Gross Negligence (Count XIV), Unjust Enrichment (Count XV), Loss of Consortium (Count XVI),

---

MDL 2387 (Coloplast) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2387; MDL 2440 (Cook Medical) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2440; and MDL 2511 (Neomedic) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2511.

Punitive Damages (Count XVII), and Discovery Rule and Tolling (Count XVIII). On September 2, 2020, the Court granted in part, and denied in part, Defendants' motion for summary judgment, finding that Defendants were entitled to summary judgment on Counts I (in part), II, IV, VII, VIII, X, XI, XII, XIII, XIV (in part), XV, and XVI. (Doc. 85).

In the motion before this Court, Defendants raise various *Daubert* challenges to the proposed testimony of Robert Brian Raybon, M.D. Dr. Raybon has previously been qualified as an expert witness in pelvic mesh MDL litigation. *See, e.g., Heatherman v. Ethicon, Inc.*, No. 1:20-cv-1932-RBJ, 2020 WL 5798533 (D. Colo. Sept. 29, 2020); *Pitlyk v. Ethicon, Inc.*, No. 20-cv-886-SRB, 2020 WL 8224837 (E.D. Mo. Aug. 12, 2020); *Wise v. C.R. Bard, Inc.*, No. 2:12-cv-1378, 2015 WL 521202, at *13 (S.D.W. Va. Feb. 7, 2015); *Eghnayem v. Boston Scientific Corp.*, 57 F. Supp. 3d 658, 699-701 (S.D.W. Va. 2014).

## **Legal Standard**

An expert witness may testify in the form of an opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "The party offering the expert testimony bears the burden of establishing, by a preponderance of the evidence, the expert's qualification, reliability, and helpfulness." *Payne v. C.R. Bard, Inc.*, 606 F.

App'x 940, 942 (11th Cir. 2015) (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc)).

Functioning as a gatekeeper, the district court plays an important role by ensuring that all scientific testimony is relevant and reliable. *See In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 601 (S.D.W. Va. 2013). Although *Daubert* references specific factors for the district court to consider when evaluating relevancy and reliability, "[t]he inquiry to be undertaken by the district court is a flexible one focusing on the principles and methodology employed by the expert, not on the conclusions reached." *Id.* at 601-02 (internal quotations and citations omitted); *see Hanna v. Ward Mfg., Inc.*, 723 F. App'x 647, 649 (11th Cir. 2018) (outlining the criteria for the admissibility of expert witness testimony). Essentially, the Court is simply asked to determine if the evidence "rests on a reliable foundation and is relevant." *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 701 (S.D.W. Va. 2014) (quoting *Daubert*, 509 U.S. at 597).

## Analysis

Plaintiffs designated Dr. Raybon – a board certified pelvic surgeon and urogynecologist – to offer general causation opinions involving Ethicon's Prolift device, which is used to treat pelvic organ prolapse. Here, Defendants make no argument that Dr. Raybon is unqualified to serve as an expert. However, they seek to exclude his testimony, arguing that (1) Dr. Raybon did not submit a report reflecting opinions about the TVT-O device used to treat Ms. Ellerbee's stress urinary incontinence; (2) Dr. Raybon's opinions regarding the competency of other

physicians are irrelevant and will not assist the jury; and (3) Dr. Raybon's opinions regarding safer alternative designs are not sufficiently reliable.

### *TVT-O Device*

Ms. Ellerbee was implanted with two Ethicon devices – the Prolift to treat her pelvic organ prolapse, and the TVT-O to treat her stress urinary incontinence. Defendants seek to preclude Dr. Raybon from offering opinions about the TVT-O device. Plaintiffs agree that Dr. Raybon will offer testimony only about the Prolift device, and not as to the TVT-O device. As such, the motion is granted as to this request.

### *Opinions on the Competency of Other Physicians*

Defendants also seek to exclude Dr. Raybon's opinions regarding the competency of other physicians. The MDL Court previously excluded Dr. Raybon's proposed opinions regarding physician training and competency, concluding that these opinions were irrelevant. *See Wise*, 2015 WL 521202, at *13 (citing *Sanchez v. Boston Scientific Corp.*, No. 2:12-cv-5762, 2014 WL 4851989, at *32 (S.D.W. Va. Sept. 29, 2014)). The Court sees no reason to depart from this reasoning.[2] The motion is granted as to this request.

### *Opinions on Safer Alternatives to Defendants' Products*

Defendants finally contend that Dr. Raybon's opinions regarding safer alternatives are not admissible because they are not supported by sufficient facts or

---

[2] The Court notes that the MDL Court specifically considered and rejected an argument raised by plaintiffs in another MDL case that Dr. Raybon's opinion on physician training is relevant to counter Bard's "blame the doctor" defense. *See Wise*, 2015 WL 521202, at *13 n.8.

data. However, Dr. Raybon cites extensive data from Ethicon's own internal documents to support his opinions on safer alternatives. *See Wise*, 2015 WL 521202, at *15. As such, the Court concludes that Dr. Raybon's opinions are sufficiently supported. To the extent that Defendants argue that Dr. Raybon's opinions conflict with Plaintiffs' case-specific expert, Dr. Hoyte, such argument is more appropriate for cross-examination. Consequently, Defendant's request to exclude Dr. Raybon's opinions as to safer alternatives is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Exclude General-Causation Testimony of Robert Brian Raybon, M.D. and Brief in Support" (Doc. 107) is **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** to the extent that Dr. Raybon's opinions on the TVT-O device and physician training and competence are excluded.

(3) The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of April, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**