UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OVIS ELLERBEE and JAMES
ELLERBEE,

    Plaintiffs,

v.                                                  Case No. 8:20-cv-1514-TPB-AEP

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS OF DANIEL ELLIOTT, M.D.

This matter is before the Court on "Defendants' Motion to Exclude Certain Opinions of Daniel Elliott, M.D. and Brief in Support," filed on March 15, 2021. (Doc. 105). Plaintiffs responded in opposition on April 5, 2021. (Doc. 114). Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background

This case is one of thousands of similar cases filed since 2010.[1] Plaintiffs

---

[1] In the seven MDLs, over 100,000 cases have been filed, approximately 40,000 of which are in the Ethicon MDL. *See* MDL 2187 (C.R. Bard) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2187; MDL 2325 (American Medical Systems) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2325; MDL 2326 (Boston Scientific) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2326; MDL 2327 (Johnson & Johnson, Ethicon) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2327; MDL 2387 (Coloplast) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2387; MDL 2440 (Cook Medical) Member List of Cases,

Ovis Ellerbee and James Ellerbee sued directly in the Southern District of West Virginia as part of the multidistrict litigation (MDL). Their case, *In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Lit.*, MDL No. 2327, was not resolved by the MDL transferee court ("MDL Court"), and on July 1, 2020, it was transferred to this Court.

On November 7, 2006, Ms. Ellerbee was implanted with Ethicon's TVT-O and Prolift devices at a hospital in Tampa, Florida. Both devices were designed and manufactured by Defendants Johnson & Johnson and Ethicon, Inc. In early 2017, Ms. Ellerbee's physician surgically removed what Plaintiffs claim to have been mesh located in the bladder mucosa. On February 23, 2017, Ms. Ellerbee underwent a revision/removal procedure and an anterior colporrhaphy. Ms. Ellerbee later had another mesh sling implanted.

On June 24, 2015, Plaintiffs sued directly in the MDL using a short-form complaint, alleging: Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Strict Liability – Design Defect (Count V), Common Law Fraud (Count VI), Fraudulent Concealment (Count VII), Constructive Fraud (Count VIII), Negligent Misrepresentation (Count IX), Negligent Infliction of Emotional Distress (Count X), Breach of Express Warranty (Count XI), Breach of Implied Warranty (Count XII), Violation of Consumer Protection Laws (Count XIII), Gross Negligence

---

https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2440; and MDL 2511 (Neomedic) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2511.

(Count XIV), Unjust Enrichment (Count XV), Loss of Consortium (Count XVI), Punitive Damages (Count XVII), and Discovery Rule and Tolling (Count XVIII). On September 2, 2020, this Court granted in part, and denied in part, Defendants' motion for summary judgment, finding that Defendants were entitled to summary judgment on Counts I (in part), II, IV, VII, VIII, X, XI, XII, XIII, XIV (in part), XV, and XVI. (Doc. 85).

## **Legal Standard**

An expert witness may testify in the form of an opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "The party offering the expert testimony bears the burden of establishing, by a preponderance of the evidence, the expert's qualification, reliability, and helpfulness." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 942 (11th Cir. 2015) (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc)).

Functioning as a gatekeeper, the district court plays an important role by ensuring that all scientific testimony is relevant and reliable. *See In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 601 (S.D.W. Va. 2013). Although *Daubert* references specific factors for the district court to consider when evaluating relevancy and

reliability, "[t]he inquiry to be undertaken by the district court is a flexible one focusing on the principles and methodology employed by the expert, not on the conclusions reached." *Id.* at 601-02 (internal quotations and citations omitted); *see Hanna v. Ward Mfg., Inc.*, 723 F. App'x 647, 649 (11th Cir. 2018) (outlining the criteria for the admissibility of expert witness testimony). Essentially, the Court is simply asked to determine if the evidence "rests on a reliable foundation and is relevant." *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 701 (S.D.W. Va. 2014) (quoting *Daubert*, 509 U.S. at 597).

## Analysis

Defendants raise various *Daubert* challenges to the proposed testimony of Daniel Elliott, M.D. Plaintiffs designated Dr. Elliott – a pelvic surgeon and urogynecologist – to offer general opinions involving Ethicon's TVT-O device, which is used to treat stress urinary incontinence ("SUI"), and a Prolift device, which is used to treat pelvic organ prolapse. Here, Defendants make no argument that Dr. Elliott is generally unqualified to serve as an expert. However, they seek to exclude certain testimony and opinions, arguing that (1) Dr. Elliott's opinion that TVT-O is unsafe for the surgical treatment of SUI is directly contradicted by his published literature; (2) Dr. Elliott is not qualified to provide opinions about the duties of a medical device manufacturer, and those opinions are unreliable; (3) Dr. Elliott's opinion that non-synthetic mesh procedures are a safer alternative to TVT-O and Prolift is irrelevant and unreliable; and (4) Dr. Elliott's opinion that a device with a

different type of mesh would serve as a safer alternative to TVT-O or Prolift is unreliable.

### *Opinions on TVT-O that Contradict Dr. Elliott's Published Literature*

Defendants argue that Dr. Elliott's opinion that TVT-O is unsafe for the surgical treatment of SUI is directly contracted by his published literature and should therefore be excluded. Dr. Elliott was a contributing author to the referenced article. Any alleged inconsistencies between his current opinions and the opinions of the article are better addressed through cross-examination than exclusion.[2] The motion is denied as to this ground.

### *Opinions on Duties Owed by a Manufacturer*

Defendants next contend that Dr. Elliott is not qualified to provide opinions about the duties of a medical device manufacturer, and those opinions are unreliable.

<u>Adverse Event Reporting</u>

Defendants seek to exclude Dr. Elliott's opinions about Ethicon's adverse event reporting. Plaintiffs agree that Dr. Rosenzweig will not offer the opinions on the legal adequacy of the testing conducted by Ethicon. As such, the Court will grant the motion to this extent. Dr. Elliott cannot opine on whether Ethicon responded appropriately to alleged safety issues with additional research and

---

[2] The case cited by Defendants is clearly distinguishable on its facts – Dr. Blaivas's opinions were excluded because when forming his trial opinions, he applied standards different than those applied in his medical practice. *See Wilkerson v. Boston Scientific Corp.*, 2015 WL 2087048, at *15 (S.D.W. Va. May 5, 2015). Defendants have not made the same argument here as to Dr. Elliott's intellectual rigor when forming his trial opinions.

testing.  *See Wiltgen v. Ethicon, Inc.*, No. 12-cv-2400, 2017 WL 4467455, at *6 (N.D. Ill. Oct. 6, 2017).  Dr. Elliott may testify concerning the impact that the studies and tests had on his opinions in this case.  *See id.*

IFU

Defendants argue that Dr. Elliott should be precluded from testifying about the IFU related to adverse events.  The Court will limit Dr. Elliott's testimony to an evaluation of the IFU that is based on his knowledge and clinical experience rather than FDA requirements or regulations.  *See id*.  He may not testify about the IFU from a regulatory viewpoint, but he may testify from a physician's viewpoint.  *See id*.

Physician Training

Defendants also seek to exclude Dr. Elliott's opinions regarding the competency of other physicians.  The MDL Court previously excluded proposed opinions regarding physician training and competency, concluding that these opinions were irrelevant.  *See Wise v. C.R. Bard Inc.*, No. 2:12-cv-1378, 2015 WL 521202, at *13 (S.D.W. Va. Feb. 7, 2015) (citing *Sanchez v. Boston Scientific Corp.*, No. 2:12-cv-5762, 2014 WL 4851989, at *32 (S.D.W. Va. Sept. 29, 2014)).  The Court sees no reason to depart from this reasoning.  The motion is granted as to this request.

***Opinions on Non-Synthetic Mesh Procedures as Safer Alternatives to Defendants' Products***

Defendants contend that Dr. Elliott's opinions regarding safer alternatives to the TVT-O are irrelevant because he opines on safer alternative procedures rather than safer alternative designs. However, Dr. Elliott's opinions that alternate medical procedures were safe and effective are relevant to demonstrating the products' inherent risks and assist the jury in appreciating the risk-utility analysis. *See, e.g., Messina v. Ethicon, Inc.*, No. 6:20-cv-1170-Orl-40LRH, 2020 WL 7419586, at *4 (M.D. Fla. Dec. 17, 2020); *Wiltgen*, 2017 WL 4467455, at *3-5. The motion is denied as to this ground.

***Opinions on Devices with Different Type of Mesh as Safer Alternatives to Defendants' Products***

Defendants finally contend that Dr. Elliott's opinions that a device with a different type of mesh would serve as a safer alternative to TVT-O or Prolift are unreliable. The MDL Court determined that Dr. Elliott could "testify about the alleged benefits of mesh that is lighter-weight and has larger pores, and in general found him qualified to testify about whether one mesh is safter than another." *Wiltgen*, 2017 WL 4467455, at *5 (internal quotations omitted). Defendants' attacks on Dr. Elliott's opinions here go toward the weight of the evidence rather than admissibility. *See id.; Herrera-Nevarez by Springer v. Ethicon, Inc.*, No. 17 C 3930, 2017 WL 3381718, at *7 (N.D. Ill. Aug. 6, 2017). The motion is denied as to this ground.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Exclude Certain Opinions of Daniel Elliott, M.D. and Brief in Support" (Doc. 105) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of May, 2021.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**